NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS ZAMORA-MEJIA; ANA CECILIA MARTINEZ GEORGE DE ZAMORA; CARLOS DANIEL ZAMORA-MARTINEZ,<br><br>  Petitioners,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>  Respondent. | No. 23-1815<br><br>Agency Nos.<br>A206-727-917<br>A206-727-918<br>A206-727-919<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2024[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Petitioners are Honduran citizens Juan Carlos Zamora-Mejia and two

derivative beneficiaries (his wife and minor son). They seek review of the Board of

Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) denial of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Zamora's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.    To qualify for asylum, an applicant must establish that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason" for any past or feared persecution in his home country. 8 U.S.C. § 1158(b)(1)(B)(i).  Similarly, to qualify for withholding of removal, an applicant must establish that his life or freedom would be threatened upon removal to his home country because of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A).

The BIA did not err in determining that Zamora's proposed particular social group—"individuals who assisted law enforcement and testified against violent criminals"—is not cognizable for the purposes of his asylum or withholding of removal claims.  First, substantial evidence supports the BIA's determination that Zamora does not actually belong to that group, as he never testified in any court proceeding against Honduran gang members. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (standard of review).  And second, if we defined that group to include Zamora—who filed a police report but made no public appearances in connection with it, and thus lacks any "social visibility," *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092 (9th Cir. 2013)—then substantial evidence supports the BIA's

determination that Zamora has not presented any evidence that group is "socially distinct" within Honduras, *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020).

Even if we assumed that group to be cognizable, Zamora has still forfeited review of his asylum and withholding claims by failing to challenge the BIA's determination that any harm he suffered was not on account of his group membership. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) (asylum and withholding claims both require petitioner "show a nexus" between "past harms or feared future harm" and "protected characteristics"); *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (arguments not raised are forfeited).

2. To qualify for CAT relief, an applicant must establish a clear probability of torture inflicted by or with the acquiescence of a public official. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Because Zamora does not challenge the BIA's determination that he is not likely to be tortured by gang members with the acquiescence of public officials if removed to Honduras, he has forfeited review of his CAT claim before this court. *See Hernandez*, 47 F.4th at 916. But even if we were to reach the merits of the issue, substantial evidence supports the BIA's denial of CAT relief. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("general ineffectiveness on the government's part to investigate and prevent crime" is insufficient to show acquiescence).

**PETITION DENIED**.